**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-673T
(Filed: November 3, 2014)

**FILED**
NOV - 3 2014
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WALTER DORSETT HEADEN,

    *Plaintiff,*

v.

THE UNITED STATES OF AMERICA,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed a complaint in this court on July 29, 2014, seeking $21,000,000 as a tax refund and $10,000 for breach of contract. Defendant's answer was due on September 29, 2014. Plaintiff also filed a motion to proceed *in forma pauperis*.[1] Defendant has not, as of this date, filed an answer or otherwise responded to the complaint. Despite that failing, it is clear on the face of the complaint that we must dismiss it.

Although plaintiff has identified several general areas of our jurisdiction– contract and tax–his complaint is nearly completely devoid of any factual allegations. It merely states that he has a contract with the United States and that he is making a tax claim pursuant to rule 9(a) of this court's

---

[1] Despite the lack of substance in the complaint, owing to his pro se status, we grant the motion to waive fees. Plaintiff is incarcerated in North Carolina and has shown, by attaching his prison account statement for the past six months, his impoverished estate. We caution, however, that repeated frivolous filings will subject plaintiff to the loss of his ability to seek a waiver of fees in the future. *See* 28 U.S.C. § 1915(g) (2014).

1

rules ("RCFC"). The complaint also asks for "notification to the Solicitor General of the discharge of case no. 08CRS106213-1b: State of North Carolina v. Walter Headen III." Comp. 2. As best we can tell, plaintiff believes that the United States agreed to issue him a tax refund as a credit for the fines levied against him in a criminal case in North Carolina. Plaintiff attached a variety of nonsensical, self-authored documents which purport to show some sort of surety interest held by plaintiff in a United States bond.

The Tucker Act provides that this court has jurisdiction over claims against the United States founded upon the "Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2014). Although plaintiff states generally that he has a contract with the government and that he is owed a tax refund, he has not alleged what contract was breached by the government or why he is owed a tax refund. The refund claim sent to the IRS, and attached to plaintiff's complaint, contains nothing but meaningless verbiage regarding Mr. Headen as "secured party creditor" of himself and other language associated with the discredited theories of the "sovereign citizen movement." *See generally Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011).

It is sufficient to say that plaintiff has not identified a money-mandating source of law upon which his case is based. Accordingly, pursuant to RCFC 12(h)(3), we must dismiss the complaint for lack of jurisdiction. Additionally, for good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted. The clerk's office is directed to dismiss the complaint and enter judgment accordingly.

*Eric Bruggink*
ERIC G. BRUGGINK
Judge
